IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02299-RPM-MJW

STEWART TITLE GUARANTY COMPANY, a Texas corporation,

    Plaintiff,

v.

HARALD DUDE, individually and as general partner of DEE INVESTMENTS LIMITED PARTNERSHIP, Nevada limited partnership,
DENISE ROBERTS, individually and as general partner of DEE INVESTMENTS LIMITED PARTNERSHIP, Nevada limited partnership, and
DEE INVESTMENTS LIMITED PARTNERSHIP, a Nevada limited partnership

    Defendants,

DEE INVESTMENTS LIMITED PARTNERSHIP, a Nevada limited partnership,

    Third-Party Plaintiff,

v.

STEWART TITLE OF COLORADO, INC., a Colorado corporation,
WEAVER & LESTER, INC., a Colorado registered trade name, and
DAVID LESTER,

    Third-Party Defendants.
_____

**STIPULATED PROTECTIVE ORDER**
_____

    Pursuant to Fed. R. Civ. P. 26(c)(7), and for good cause shown, the Court orders that the following procedures are to be employed to prevent disclosure or improper use of confidential information.

    It is STIPULATED AND ORDERED that:

1.      Any party to this action may designate as "Confidential Material", in the manner set forth in paragraph 3, any document, deposition testimony, information, or other material to be disclosed.  The terms of this Stipulated Protective Order govern all aspects of the procedures to be followed in making or challenging such designations and of the terms, conditions and restrictions on the use of such Confidential Material in this case.

2.      In the event any documents, deposition testimony, information or other material is sought in this litigation from any person or entity not a party to this litigation, such person or entity shall have the same rights to designate any such material as Confidential Material as a party would have, and the use of such Confidential Material by the parties shall be governed in all respects by this Stipulated Protective Order.  Except as specifically noted, the terms "party" and "parties" as used herein include any such non-parties to the extent necessary or appropriate to effectuate the terms of this paragraph.

3.      Materials to be treated as Confidential Material must be designated as follows:

   a.      <u>Written discovery answers</u>.  Any party wishing to designate written discovery answers as Confidential Material must type those answers in a separate document in which every page is marked CONFIDENTIAL in the legend, and in the right bottom corner;

   b.      <u>Other written materials</u>.  Any party wishing to designate other written materials as Confidential Material must place the word CONFIDENTIAL upon the first page and every other page in the right bottom corner of any document containing information to be treated as Confidential Material;

   c.      <u>Oral testimony</u>. Any party wishing to designate deposition testimony as Confidential Material must either;

      i)      During the deposition, state that the testimony is confidential and advise all persons present that the information is subject to this Stipulated Protective Order.  The testimony, designated as confidential during the deposition, must be separately transcribed and marked CONFIDENTIAL.

ii) Any deposition exhibits containing Confidential Material must be marked CONFIDENTIAL, and separately maintained and remain under seal.

iii) Only those persons designated in paragraph 4, and who have complied with paragraph 5, if applicable, may view, listen to, read, discuss, or learn of the content of deposition testimony;

iv) Until a 10-day period has expired after the parties have received a deposition transcript, all deposition testimony and transcripts shall be treated by the parties as Confidential Material.

d. If a designation of Confidential Material is not made in advance of disclosure, such designation may be made within ten (10) days following the disclosure, or the date the parties receive a deposition transcript, by mailing a written notice of designation to all parties. All persons with copies of the disclosed Confidential Material shall then mark their copies CONFIDENTIAL, retrieve any materials that were previously disseminated in a manner inconsistent with this Protective Order, and thereafter comply with the terms of the Protective Order.

4. Except as set forth in this order, Confidential Material or the contents of Confidential Material of another party must not be shown to, given to, discussed with, or otherwise revealed to any person other than:

a. Counsel of record for the parties and such Counsel's respective partners, associates, paralegals, clerical personnel and third-party vendors and their employees who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data;

b. Persons retained by the parties or their attorneys to assist in the prosecution or defense of this case (including consultants or expert consultants or witnesses, their office associates and clerical personnel, and third-party vendors, and their employees, retained by the Consultants who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data) who have complied with paragraph 5 ("Consultants"), however, the office associates and clerical personnel, and third-party vendors, and their employees, retained by the Consultants need not comply with paragraph 5;

c. Court reporters of depositions or in-court proceedings in this action;

d. Persons reasonably believed to have authored, previously received, or are

aware of the Confidential Material or the information contained therein, or who may be necessary to establish the admissibility of the Confidential Material at trial, provided such persons are not given a copy of any such Confidential Material to retain;

e. The Court, provided that such materials are marked CONFIDENTIAL and filed under seal; and

f. A party or a party's officers, directors, elected officials, partners, employees, and the parties' insurance carries, if any, that are reasonably necessary for preparation of the case;

g. Persons that have been previously approved in writing by the party who produced or disclosed the Confidential Material;

h. Persons to whom the Court has determined disclosure is reasonably necessary;

i. The party or parties that produced or disclosed the Confidential Materials.

5. Counsel shall not release or reveal Confidential Material or the contents of Confidential Material of another party to any of the persons listed in paragraph 4(b), 4(d), 4(g), and 4(h) until that person has read and understands all the terms of this Stipulated Protective Order.

6. Any person obtaining access to another party's Confidential Material or the information in those materials, may use the information and Confidential Material only for the purposes of this case and for no other purpose.

7. The protections conferred by this Protective Order cover not only the Confidential Material itself, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, reports or compilations thereof, plus testimony, conversations, or presentations that reveal Confidential Material.

8. Within 90 days of the conclusion or final settlement of this litigation and any

appeal, all persons subject to the terms of this Order must assemble destroy all Confidential Materials and any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the information in the Confidential Material. However, Counsel for each party may retain one archival copy of all such materials, which materials will otherwise remain subject to this Stipulated Protective Order.

9. Confidential Materials and the information in them may be used in any court proceeding in this case, including depositions, hearings and trial, subject to the rules of evidence, the Colorado Rules of Civil Procedure and any other applicable law. Such information shall not lose its confidential status through such use, and the parties shall take reasonable steps to protect the confidentiality of such information during its use. If Confidential Materials are included in a pleading, the party filing the Confidential Materials shall file the pleading under seal.

10. Nothing in this Protective Order shall require production of information which any party contends is protected from disclosure by the attorney-client privilege or the work product immunity.

11. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of privilege or work product immunity for such information. If any party has inadvertently produced information subject to a claim of immunity or privilege, any party receiving the information shall promptly return the information upon its discovery of the inadvertent production, or when a claim of inadvertent production is made by the disclosing party. If a party disagrees with a claim of inadvertent production, the party, after returning such information to the disclosing party, may then move the

Court for an Order compelling production of such information.

12. If any party learns that, by inadvertence or otherwise, it has released or revealed Confidential Materials to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify the party that disclosed the Confidential Materials in writing of the unauthorized release, (b) use its best efforts to retrieve all copies of the Confidential Materials, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

13. By production of any Confidential Materials or providing testimony pursuant to this Stipulated Protective Order, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such Confidential Materials and any corresponding testimony or information. Nothing contained in this Stipulated Protective Order shall affect the rights, if any, of the parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at deposition, nor shall this Stipulated Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right to which the parties may wish to assert at any stage of these proceedings.

14. For good cause shown, any party may seek modification or termination of this Order, first by an attempt to obtain the consent of every other party to such modification or termination, and then, absent consent, by application to this Court. No party shall seek any modification or termination of this Stipulated Protective Order without providing the other parties a minimum of ten (10) days written notice.

15. Nothing in this Stipulated Protective Order constitutes a finding or admission that

any Confidential Materials or information is in fact confidential, proprietary or otherwise not subject to disclosure. After the parties first try to resolve any dispute over the designation of Confidential Material on an informal basis and in good faith, any party (excluding non-parties to the litigation) may bring before the Court at any time the question of whether any particular Confidential Material does not, in fact, contain confidential material or the question of whether this Stipulated Protective Order should be modified. The party asserting the confidentiality of any document or other information shall have the burden of establishing that such document or other information is entitled to protection as Confidential Material. Until the dispute is resolved by the Court, the information shall be treated as Confidential Material.

16. The terms of this Stipulated Protective Order shall survive and remain in effect after the termination or settlement of this litigation.

DATED this 20th day of March, 2009.

BY THE COURT:

s/Richard P. Matsch
_____
United States District Court Judge