IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 1:07-cv-02299-RPM

STEWART TITLE GUARANTY COMPANY,
a Texas corporation,

    Plaintiff,
vs.

HARALD DUDE, individually and as general partner of DEE INVESTMENTS LIMITED
    PARTNERSHIP, Nevada limited partnership,
DENISE ROBERTS, individually and as general partner of DEE INVESTMENTS LIMITED
    PARTNERSHIP, Nevada limited partnership,
DEE INVESTMENTS LIMITED PARTNERSHIP, and
DAVID LESTER,

    Defendants.
_____

DEE INVESTMENTS LIMITED PARTNERSHIP, a Nevada limited partnership,
HAROLD DUDE and
DENISE ROBERTS,

    Counterclaimant and Third party plaintiffs
vs.

STEWART TITLE GUARANTY COMPANY, a Texas corporation;
STEWART TITLE OF COLORADO, INC., a Colorado corporation;
WEAVER & MITCHELL, INC., a Colorado corporation, and
DAVID LESTER,

    Counter-defendant and Third-party Defendants.

## ORDER DENYING MOTIONS

On March 17, 2006, Stewart Title of Colorado, Inc. (Stewart Colorado) acted as closing

agent for two transfers of title to real estate with a street address of 600 North Third Street,

Aspen, Colorado. By general warranty deed, Dee Investments Limited Partnership (Dee Investments) conveyed the property to David Lester for a purchase price of $4,140,000. By a general warranty deed David Lester conveyed the property to Rosina Yue (Yue) for a purchase price of $4,555,000. Stewart Colorado sent $4,129,653.59 to a bank account of Denise Roberts as partner of Dee Investments. Weaver & Lester, a Colorado corporation received a commission of $227,700 as transaction broker. Lester, a broker associate of that real estate firm, later received 80% of that amount as commission.

Yue borrowed $3,000,000 from UBS Mortgage, LLC and a Deed of Trust to secure that loan was recorded on March 17, 2006.

Stewart Guaranty Company, a Texas corporation (Stewart Guaranty), issued owner's and lender's title insurance policies to Lester, Yue and UBS.

On March 20, 2006, an assignment of the UBS trust deed to Wells Fargo Bank, N.A. (Wells Fargo) was recorded.

In November, 2006, Yue notified Stewart Guaranty of a notice of foreclosure proceeding by Washington Mutual Bank (WaMu), on a deed of trust recorded May 29, 2003 to secure a loan of $1.9 million to Harald Dude. That deed of trust was not excepted from Stewart Guaranty's insurance policy. Accordingly, it paid off the balance of the loan and received an assignment from WaMu, without recourse and released the trust deed.

On October 31, 2007, Security Guaranty filed this diversity action to recover its losses, seeking judgment from Dude on the WaMu loan. That generated a flurry of pleadings by multiple parties.

The parties now before the Court are: Stewart Guaranty as plaintiff and defendants

Harald Dude, individually and as a partner in Dee Investments Limited Partnership, a Nevada limited partnership, Denise Roberts, a partner, Dee Investments, and David Lester.

Dee Investments has counterclaims against Stewart Guaranty, cross-claims against Lester, and third party claims against Stewart Colorado, Weaver & Mitchell, successor to Weaver & Lester. Dude and Roberts assert a cross-claim against Lester.

The real estate records of Pitkin County reflect a curious chain of title to the subject property as follows, listed by date of recordation:

| | |
|---|---|
| June 4, 2003 | quitclaim deed from Dee Investments to Harald Dude, dated May 29, 2003 |
| June 4, 2003 | deed of trust dated May 29, 2003, for the benefit of Washington Mutual, to secure $1.9 million loan to Harald Dude |
| June 9, 2003 | quit claim deed from Harald Dude to Dee Investments, dated May 29, 2003 |
| July 8, 2003 | quit claim deed from Dee Investments to Harald Dude, dated June 25, 2003 |
| July 8, 2003 | deed of trust dated June 27, 2003, for the benefit of Wells Fargo Bank, to secure $500,000 line of credit to Harald Dude |
| July 8, 2003 | quit claim deed from Harald Dude to Dee Investments, dated June 25, 2003 |
| March 17, 2006 | warranty deed dated March 17, 2006, from Dee Investments to David Lester, purchase price $4,140,000 |
| March 17, 2006 | warranty deed dated March 17, 2006, from David Lester to Rosina Yue, purchase price $4,555,000 |
| March 17, 2006 | deed of trust dated March 14, 2006, for the benefit of UBS Mortgage, LLC, to secure loan to Rosina Yue in the amount of $3,000,000 |
| March 20, 2006 | assignment of deed of trust, UBS Mortgage to Wells Fargo Bank. |

Other documents that are relevant to this action include:

An indemnity agreement and affidavit dated July 2, 2003, signed by Harald Dude, attesting that there were no outstanding loans secured by the property.

A Borrower's Affidavit dated July 2, 2003, signed by Harald Dude, which identified an outstanding loan to PHH Mortgage Svcs. Corp. in the amount of $1,411,286.00.

A contract for sale, dated February 3, 2006, between Dee Investments as seller and David Lester, purchaser, naming Weaver & Lester as listing brokerage firm.

A contract for sale, dated February 23, 2006 between David Lester as seller and Rosina Yue as purchaser.

An indemnity agreement and affidavit of Dee Investments, attesting that there were no undisclosed liens on the property, signed by Denise Roberts as partner of Dee Investments, dated March 14, 2006.

A seller's indemnity agreement and affidavit signed by David Lester, dated March 17, 2006, attesting that there were no undisclosed liens on the property.

In the Third Amended Complaint, filed December 18, 2009, Stewart Guaranty alleges seven claims:

(1)     Claim one is for fraud and is asserted against Dude individually and as a general partner of Dee Investments; against Roberts individually and as a general partner of Dee Investments; against Dee Investments, and against Lester.  This claim is based on representations in the 2003 Dude Indemnity and Affidavit, the 2006 Dee Investments Indemnity and Affidavit, and the Lester Indemnity and Affidavit, which represented that there were no undisclosed liens against the property.

(2)     Claim two is for fraudulent concealment of the WaMu Note and Deed of Trust. This claim is asserted against Dude individually and as a general partner of Dee Investments; against Roberts individually and as a general partner of Dee Investments; against Dee Investments, and against Lester.

(3) Claim three is for breach of contract and is asserted against Dude individually and as general partner of Dee Investments; against Roberts individually and as general partner of Dee Investments; against Dee Investments, and against Lester. This claim is based on the indemnity obligations contained in the 2003 Dude Indemnity and Affidavit, the 2006 Dee Investments Indemnity and Affidavit, and the Lester Indemnity and Affidavit.

(4) Claim four is a subrogation claim. Having satisfied the WaMu Note and Deed of Trust, Security Guaranty claims a right of subrogation with respect to Yue's right to enforce covenants of quiet enjoyment, warranty and against encumbrances contained in the warranty deed from Lester to Yue and in the warranty deed from Dee Investments to Lester. This claim is asserted against Dee Investments, against Dude and Roberts individually and as general partners of Dee Investments, and against Lester.

(5) Claim five is for unjust enrichment based on the benefit conferred by Security Guaranty's satisfaction of the WaMu Note. This claim is asserted against Dude and Roberts individually and as general partners of Dee Investments; against Dee Investments and against Lester.

(6) Claim six is for specific performance of the indemnity obligations contained in the 2003 Dude Indemnity and Affidavit, the 2006 Dee Investments Indemnity and Affidavit, and the Lester Indemnity and Affidavit. This claim is asserted against Dude individually and as a general partner of Dee Investments; against Roberts individually and as a general partner of Dee Investments; against Dee Investments, and against Lester.

(7) Claim seven is against Dude for failure to pay/breach of the WaMu Note.

Lester answered and asserted claims of negligence, indemnification, and breach of contract against Stewart Guaranty and Stewart Colorado (designated collectively as "Stewart Title").

Dude, Roberts and Dee Investments deny liability to the plaintiff and assert counterclaims, cross-claims, and third party claims, contending that Lester is principally responsible for the nonpayment of the $1.9 million WaMu Note; he fraudulently concealed the Lester to Yue sale and that Stewart Guaranty, Stewart Colorado, and Weaver & Lester (now known as Weaver & Mitchell) participated in the fraud and breached their fiduciary and contractual duties. Dee Investments claims fraud and conspiracy to defraud against Stewart Guaranty, Stewart Colorado, Weaver & Mitchell, and Lester. Dee Investments also claims concealment and breach of fiduciary duty against Stewart Guaranty, Stewart Colorado, Weaver & Mitchell and Lester. Dee Investments claims breach of contract and negligence against Stewart Colorado. Dude, Roberts and Dee Investments assert a cross-claim against Lester, seeking indemnification for any liability they may have to the plaintiff.

The parties have attempted to separate and obtain partial summary judgment on some of the claims, counterclaims and third party claims. Upon review of these motions and the materials submitted supporting and opposing them, the court is unable to separate out this mix of legal and factual disputes to grant any relief under the standards of Fed.R.Civ.P. 56. The chain of title recited herein itself raises substantial questions giving rise to inquiries concerning what each of the parties knew and should have known about the transactions shown that can only be answered by trial. The credibility of the active participants in these events can only be determined by that process. According, it is

ORDERED that Plaintiff Stewart Title Guaranty Company's motion for summary judgment on all counterclaims asserted against it by Dee Investments (# 96) is denied; and it is

FURTHER ORDERED that Stewart Title of Colorado's motion for partial summary judgment on Dee Investments' third party claims of fraud and conspiracy to commit fraud (#97) is denied; and it is

FURTHER ORDERED that Plaintiff Stewart Title Guaranty Company's motion for partial summary judgment on its seventh claim for relief against Harald Dude for failure to pay the Washington Mutual promissory note (# 98) is denied; and it is

FURTHER ORDERED that Weaver & Mitchell, Inc.'s motion for summary judgment on Dee Investments' third party claims (# 100) is denied; and it is

FURTHER ORDERED that the motion of Dude, Roberts and Dee Investments for summary judgment in their favor on the plaintiff's claims one through six (#109) is denied; and it is

FURTHER ORDERED that Weaver & Mitchell's motion to strike the unsworn affidavit of Harold Dude (# 112) is denied.

Dated: October 28, 2010

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge