IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  07-cv-02299-RPM-MJW

STEWART TITLE GUARANTY COMPANY,
a Texas corporation,

      Plaintiff,

vs.

HARALD DUDE, individually and as general partner of DEE INVESTMENTS LIMITED
      PARTNERSHIP, Nevada limited partnership,
DEE INVESTMENTS LIMITED PARTNERSHIP,

      Defendants.

---

## ORDER FOR AWARD OF ATTORNEYS' FEES AND COSTS

---

      This civil action was brought by Stewart Title Guaranty Company (Stewart Title)

to recover the amount it paid to Washington Mutual to remove a deed of trust as an

encumbrance on the title to a residential property which it had insured in its title

insurance policy issued to its purchaser, Rosalina Yue.  In issuing that policy, Stewart

Title relied on an affidavit and indemnity agreement signed by Harald Dude in July,

2003, in connection with a loan from Wells Fargo Bank and an affidavit and indemnity

agreement signed by the general partner in Dee Investments Limited Partnership in

March, 2006, in connection with Ms. Yue's purchase.  Those documents are identical

forms containing the following language:

      Indemnity: I agree to pay on demand to the purchasers and/or
lender and/or title companies (including Stewart Title Guaranty Company)
in this transaction, their successors and assigns, all amounts secured by
any and all liens, claims or rights not shown above, together with all costs,
loss and attorneys fees that said parties may incur in connection with such
unmentioned liens, provided said liens, claims, or rights either currently
apply to such property, or a part thereof, or are subsequently established

against said property and are created by me, known by me, or have an inception or attachment date prior to the closing of this transaction and recording of the deed and mortgage.

The end result of this litigation was a judgment for the plaintiff based upon a jury verdict that the defendants breached the agreements by failing to disclose the Washington Mutual deed of trust causing damages in the amount of $1,950,000, the amount paid by Stewart Title to pay the note for which the deed of trust was issued as security and for an assignment of the note. The payor on the note was Harald Dude and the judgment against him was entered for $2,375,000, the amount due on the note with accrued interest, which subsumed the $1,950,000 damages award.

This should have been a simple case. Stewart Title made it complex by adding claims and defendants. One of the added defendants was David Lester, who also signed an indemnity and affidavit as the seller of the property. He was also the real estate agent. Dude, Dee Investments, Denise Roberts as general partner and Lester were all accused of fraud and fraudulent concealment. Lester settled on the eve of trial and Roberts went into bankruptcy.

The fraud claims against Dude and Dee Investments went to trial with the breach of contract claims. The jury found for the plaintiff on those claims of fraud based on the falsity of the affidavits and awarded damages of $1,950,000, the same amount as the contract claims.

The fraud claims were the primary subject of the litigation and the defendants asserted counterclaims and multiple defenses against them.

The evident purpose of the addition of the fraud claims was to avoid a discharge in bankruptcy if that course may be taken by the judgment debtors.

Stewart Title also made claims for breach of warranty, by subrogation from Ms. Yue, for unjust enrichment and for specific performance of the indemnity obligations. These claims were dismissed by the court.

Dude and Dee Investments appealed the fraud verdicts.  The Tenth Circuit Court of Appeals affirmed.

Stewart Title now claims for recovery of attorneys' fees and non-taxable costs and expenses based on the quoted language from the indemnity contracts.  Extensive documentation in support of the claim for $711,448 has been filed as required by D.C.COLO.LCivR 54.3.

The defendants have objected to the amount claimed, observing that the fee award should be limited to fees for services relevent to the breach of contract claims. Stewart Title asserts that the contract language should be read broadly to include all of the services performed because they were all "incurred in connection with such unmentioned liens."  That assertion is rejected.

Read in full context, the indemnitors agreed to pay the fees and costs necessary to remove the Washington Mutual deed of trust.  That could be read narrowly to mean litigation costs if the encumbrance were contested, as Stewart might have done by claiming that the trust deed was not properly recorded giving the insured, Ms. Yue, a bona fide purchaser defense.  The plaintiff chose to pay the secured loan and its breach of contract claims in this case are reasonably considered to be brought in connection with the Washington Mutual lien.

The tort claims for fraud are not within the scope of the indemnity language.  The time and expenses incurred in the prosecution of those claims and the other theories of

recovery are not transferable to these defendants.  The appeal was only on the fraud claims.

It would unduly prolong this matter to require the plaintiff to review all of the hours billed to separate out the time spent on services related to the claims that are not breach of contract and this court has no ability to make that adjustment.

A fair resolution of this dispute is to award Stewart Title a 30% continency fee applied to the damages award of $1,950,000.  That amount is $585.000.

The indemnity agreement does obligate the indemnitors to pay costs and expenses which can include those that are not taxable.  Stewart Title seeks $25,353.63 and has provided a summary which includes fees for expert witnesses, computerized legal research charges, mediation fees and other expenses.  It is not practicable to review the supporting documentation to separate the costs and expenses necessary to the prosecution of the contract claims.  Accordingly, the claim for non-taxable costs and expenses is denied.

Upon the foregoing, it is

ORDERED, that Stewart Title Guaranty Company shall have and recover from Harold Dude and Dee Investments Limited Partnership, jointly and severally, attorneys' fees in the amount of $585.000.

Date:  August 15th, 2013

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge